IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN BROWN<br>*Plaintiff*,<br><br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY<br>*Defendant*. | CIVIL ACTION<br><br>NO. 25-4793 |
|---|---|

MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND

**Baylson, J.**                                                                                                       **October 17, 2025**

In a case seeking underinsured motorist coverage, Plaintiff moves the Court to remand this case to the Court of Common Pleas of Philadelphia County. For the following reasons, Plaintiff's Motion is **GRANTED**.

I.     FACTUAL ALLEGATIONS

Plaintiff John Brown alleges that on May 17, 2022, while driving a car owned by Kent Stewart ("Stewart"), he was struck by a tortfeasor. ECF 1, Notice of Removal, Ex. A, "Compl." ¶¶ 8–9. Plaintiff alleges that, as a result of this collision, he suffered temporary and permanent injuries. Id. ¶ 15. Plaintiff alleges that the full and final settlement reached with the tortfeasor is insufficient to fully compensate for his injuries. Id. ¶¶ 10–11. Plaintiff alleges that Stewart's car was covered by an insurance policy issued by Progressive Commercial Advantage Agency ("PCAA"), which included coverage for underinsured motorists. Id. ¶ 7. Plaintiff alleges that he demanded underinsured motorist coverage pursuant to Stewart's policy but failed to receive benefits. Id. ¶¶ 12, 26.

## II. PROCEDURAL HISTORY

On July 14, 2025, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, asserting claims for breach of contract and statutory bad faith under 42 Pa.C.S. § 8371. Compl. The body of the Complaint names Progressive Commercial Advantage Agency ("PCAA") as the defendant in the Court of Common Pleas and pleads all allegations against PCAA. Id. However, the Civil Cover Sheet filed alongside the Complaint in the Court of Common Pleas named United Financial Casualty Company ("UFCC") as the defendant. Id. Thus, the case was docketed as "Brown v. United Financial Casualty Company" in the Court of Common Pleas. ECF 1, Notice of Removal, Ex. B, "Mot. to Amend Caption." Both PCAA and UFCC are subsidiaries of the Progressive Corporation. Id. ¶ 15.

Plaintiff alleges service of process was effectuated upon PCAA on July 23, 2025. ECF 6, Motion to Remand, Ex. B "Aff. of Service." On August 13, 2025, Plaintiff filed a Motion for Leave to Amend Caption in the Court of Common Pleas to name PCAA as the defendant in the caption and remove UFCC from the caption. ECF 1, Mot. to Amend Caption. Before the Court of Common Pleas ruled on Plaintiff's Motion to Amend Caption, UFCC filed Notice of Removal in this Court on August 20, 2025. ECF 1, Notice of Removal. Plaintiff filed a Motion to Remand in this Court to return the case to the Court of Common Pleas on August 21, 2025. ECF 6, "Mot. to Remand." Defendant filed a Response in Opposition to Plaintiff's Motion to Remand on August 29, 2025. ECF 9, "Def.'s Opp."

## III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive interests and costs, and is between [ ] citizens of different states. Id. § 1332(a)(1). The removing party bears the burden of establishing removal is proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). After a case has been removed, it may be remanded back to state court "if the removal was procedurally defective or subject matter jurisdiction is lacking." A.F. v. Dep't of Corr., 2021 WL 3604784, at *1 (D.N.J. Aug. 13, 2021) (quoting Farrell v. FedEx Ground Package Sys., Inc., 478 F. Supp. 3d 536, 540 (D.N.J. 2020)). The removal statute is strictly construed and all doubts are to be resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

## IV.     PARTIES' CONTENTIONS

In the Notice of Removal, UFCC alleges that this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Notice of Removal ¶ 17. UFCC asserts that complete diversity exists because Plaintiff is a citizen of Pennsylvania and UFCC is a citizen of Ohio. Id. ¶ 5, 9. Further, UFCC contends that the amount in controversy exceeds the jurisdictional requirement of $75,000 because Plaintiff alleges that he is entitled to underinsured motorist coverage pursuant to a commercial automobile policy providing $500,000 in underinsured motorist benefits, as well as punitive damages and attorney's fees under 42 Pa.C.S. § 8371. Id. ¶ 16.

In Plaintiff's Motion to Remand, he argues that removal was improper because this Court lacks subject matter jurisdiction. Mot. to Remand ¶ 11. Plaintiff asserts that, due to a clerical error, UFCC was inadvertently entered as a defendant in the state court electronic filing system when the Complaint was uploaded. Id. ¶ 3. Plaintiff contends that because UFCC was never named in the Complaint, pleaded against, or served, it is not a party to this case and its removal was therefore unauthorized and invalid. ECF 6, Mem. in Support of Mot. to Remand at 1–3.

3

Plaintiff then argues that because PCAA is the only intended defendant in this case, complete diversity does not exist because PCAA is subject to general personal jurisdiction in Pennsylvania and is therefore a Pennsylvania citizen for purposes of diversity jurisdiction. Id. at 2–3.

In its Opposition to Plaintiff's Motion to Remand, UFCC counters that UFCC, not PCAA, issued the insurance policy at issue in this matter and is the only insurer that could properly be named as a defendant in this case. Def.'s Opp. at 1. Further, UFCC contends it was the only party who could properly remove the case because when removing a case, the federal court caption and the state court caption must be identical. Id. at 2. Thus, the case against PCAA was not removable because PCAA was not named in the caption. Id. UFCC also responds that diversity exists between Plaintiff and PCAA because PCAA was both incorporated in Ohio and maintains its principal place of business there. Id. at 3.

V. **DISCUSSION**

 A. **UFCC Was Not a Party to the State Court Action**

Federal Rule of Civil Procedure 10(a) requires that a complaint contain a caption that names all parties. However, the caption is not determinative of the identity of the parties to the action and "[a] person or entity can be named in the caption of a complaint without necessarily becoming a party to the action." U.S. ex rel. Eisenstein v. City of New York, New York, 556 U.S. 928, 935 (2009). To determine whether an entity has properly been made a party to a lawsuit, the district court will consult "the caption, pleadings, service of process and other indications of the intent of the pleader." Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y. 1995). "Beyond an individual's mere inclusion in the caption, the more important indication of whether she is a party to the case are the allegations in the body of the complaint." Habelt v. iRhythm Techs., Inc., 83 F.4th 1162, 1166 (9th Cir. 2023).

Here, although UFCC was named as the defendant on the Civil Cover Sheet filed in the Court of Common Pleas, UFCC is not named anywhere in the body of Complaint itself. Compl. The Complaint's caption names PCAA as the defendant and pleads all allegations against PCAA. Id. Further, PCAA, not UFCC, was served with process in the state court action. Aff. of Service. Plaintiff's Motion to Amend Caption provides additional evidence of Plaintiff's intent that PCAA, rather than UFCC, is the defendant in this case. Mot. to Amend. After consulting the case caption, pleadings, service of process, and intent of the pleader, it is clear that PCAA was the intended defendant in the state court action. Because UFCC was not named as a defendant in the Complaint in Court of Common Pleas or served with process, UFCC was not a party to the state court action despite its presence on the Civil Cover Sheet.

**B. As a Non-Party, UFCC's Removal is Improper**

The right of removal is limited exclusively to defendants. See Gross v. Deberardinis, 722 F. Supp. 2d 532, 534 (D. Del. 2010) ("by its plain language [28 U.S.C. 1441(a)] limits the right of removal to the 'defendant' or 'defendants.'"). A non-party entity lacks the authority to institute removal proceedings. See Juliano v. Citigroup, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (holding that a non-party lacks standing to invoke removal jurisdiction and purported removal by a non-party is "improvident and without jurisdiction."). This is true regardless of whether the non-party removing entity claims to be a real party in interest. See Am. Home Assur. Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298 (S.D.N.Y. 1999) ("a non-party—even one that . . . claims to be a real party in interest—has no authority to notice removal . . . ."); Adams v. Adminastar Def. Servs., Inc., 901 F. Supp. 78, 80 (D. Conn. 1995) (holding that whether the non-party remover has an interest in the litigation must first be decided by the court in which the plaintiffs brought suit).

In <u>Kovalev</u>, a plaintiff sued a subsidiary of Lidl grocery stores, "Lidl US, LLC" in state court. <u>Kovalev v. Lidl US, LLC</u>, 2024 WL 5184290, at *1 (E.D. Pa. Dec. 20, 2024) (Slomsky, J.). A different subsidiary of Lidl, "Lidl US Operations, LLC" filed Notice of Removal in federal court, arguing that plaintiff incorrectly identified Lidl US, LLC as the defendant when Lidl US Operations, LLC owns and operates the grocery store at issue. <u>Id.</u> at 1–2. Diversity of citizenship existed between the plaintiff and both subsidiaries. <u>Id.</u> at 2. The plaintiff moved to remand, arguing that removal was improper because the case was removed by a non-party to the state court action. <u>Id.</u> The court ultimately held that the case was improperly removed because Lidl US Operations, LLC was not a defendant in the state case at the time it filed notice of removal. <u>Id.</u> at 4. In <u>Kovalev</u>, the case remained in federal court because the court held that plaintiff had waived his right to challenge the improper removal when he filed an amended complaint in federal court adding the non-party remover as a defendant. <u>Id.</u> at 5. However, the court noted that, had the case been remanded to state court, Lidl US, LLC could have immediately remedied its error by filing another notice of removal, this time naming itself as the removing party, thus landing the case back in federal court. <u>Id.</u> at 6.

Here, regardless of whether UFCC issued the automobile insurance policy at issue in this case, it was not a defendant within the meaning of 28 U.S.C. § 1441(a) at the time of removal. Because UFCC was not properly made a party to the lawsuit in state court before it filed Notice of Removal, it lacked authority to remove the case to this Court. Thus, the action was improperly removed by a non-party and must be remanded to the Court of Common Pleas.[1]

---

[1] Plaintiff argues that even if PCAA had filed the Notice of Removal in this case, remand would still be necessary because complete diversity is lacking. Mot. to Remand ¶ 10. In Plaintiff's view, because PCAA is subject to personal jurisdiction in Pennsylvania, PCAA is also a citizen of Pennsylvania for purposes of diversity subject matter jurisdiction. <u>Id.</u> This is a confusion of the doctrines of personal jurisdiction and subject matter jurisdiction. Regardless of whether PCAA may be subject to personal jurisdiction in Pennsylvania based on its business activities and registration, for purposes of evaluating diversity of citizenship, PCAA is a citizen only of its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). The parties do not dispute that Plaintiff is a

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. An appropriate **ORDER** follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 25\25-4793 brown v. united financial casualty company\24-4793 memorandum re motion to remand.docx

---

citizen of Pennsylvania and PCAA was incorporated and maintains its principal place of business in Ohio. The parties also do not dispute that the amount of controversy is satisfied. The Court therefore recognizes that once this case returns to state court, Progressive may remedy UFCC's improper non-party removal by filing another Notice of Removal naming PCAA as the removing party. See Kovalev, 2024 WL 5184290 at *6.